**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| ESHAK MAMDOUH TAKI GHALY, | ) | |
| Petitioner, | ) ) | |
| v. | ) ) ) | |
| CHRISTOPHER BULLOCK, Field Office Director of U.S. Immigration and Customs Enforcement, New Orlean Field Office,[1] | ) ) ) ) | No. 2:26-cv-02801-SHL-cgc |
| Respondent. | ) ) | |

**ORDER STAYING TRANSFER AND REQUIRING RESPONSE**

On July 2, 2026, Petitioner Eshak Mamdouh Taki Ghaly filed the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.[2]  (ECF No. 1.)  Ghaly challenges his detention without "an individualized custody determination before a neutral decision maker."  (Id. at PageID 2.)  Ghaly, a citizen of Egypt, has resided in the United States continuously since July 2023.  (Id. at PageID 3.)  He states that he is a Coptic Orthodox Christian "who, prior to fleeing Egypt, suffered persistent religious persecution on account of his faith."  (Id. at PageID 4.)  In one instance, after he refused an employer's demand that Ghaly convert to Islam, the employer "came to Petitioner's family home with two other men, broke down the door, broke his father's

---

[1] The only proper Respondent in this action is Christopher Bullock, Field Office Director of Enforcement and Removal Operations, New Orleans Field Office, Immigration and Customs Enforcement.  See Rosciszewski v. Adducci, 983 F. Supp. 2d 910, 913–14 (E.D. Mich. 2013) ("[T]he ICE District Director is the proper respondent in a habeas petition brought by an alien, since the District Director has power over such aliens.").  Accordingly, Todd Blanche, Trinity Minter, Brian Acuna, David Venturella, and Markwayne Mullin are dismissed from the case.

[2] Along with the Petition, Ghaly filed an Emergency Motion for a Temporary Restraining Order and Preliminary Injunction.  (ECF No. 2.)  That motion requests relief duplicative of the relief sought in the Petition.  Therefore, in the interest of judicial economy, that motion is **DENIED AS MOOT**.

leg, broke his mother's arm, and threatened to rape Petitioner's sister and kill Petitioner, forcing him to flee to the Monastery of St. Samuel before ultimately leaving Egypt." (Id.)

Since arriving in the United States, Ghaly has maintained steady employment in the Nashville area, has attended all required ICE check-ins, and has no criminal history. (Id. at PageID 3–4.) On July 1, 2026, he was taken into ICE custody and remains detained at the West Tennessee detention facility. (Id. at PageID 4.) He seeks immediate release or a bond hearing. (Id. at PageID 10.)

On May 11, the Sixth Circuit issued the opinion in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), affirming that a noncitizen who has spent "significant time . . . within the interior of the United States," and who has not committed an offense rendering them ineligible under § 1226(c), may not be detained without an individualized bond hearing. 175 F.4th at 734.

Upon review of the Petition, it is **ORDERED** as follows:

(1)     The Clerk of Court shall email copies of **the Petition (ECF No. 1) and this Order (ECF No. 7)** to the United States Attorney for the Western District of Tennessee at the following email address: **stuart.canale@usdoj.gov**.

(2)     Within **two business days** of the filing of this Order, Respondent shall respond to the Petition in writing. If the basis of Ghaly's detention is 8 U.S.C. § 1225(b)(2)(A) and Respondent continues to oppose release, Respondent shall either distinguish this case from Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), or state why Lopez-Campos otherwise does not apply. If no such showing is made, Respondent shall state whether he consents to the issuance of the writ.

(3)     Ghaly may file a reply after Respondent's responsive filing.

(4)     Respondent shall not transfer Ghaly out of the West Tennessee Detention Facility

during the pendency of the Petition.

      **IT IS SO ORDERED,** this 8th day of July, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE
