**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| ESHAK MAMDOUH TAKI GHALY, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No. 2:26-cv-02801-SHL-cgc |
| CHRISTOPHER BULLOCK, Field Office Director of U.S. Immigration and Customs Enforcement, New Orlean Field Office, | ) ) ) ) | |
| Respondent. | ) ) | |

**ORDER GRANTING PETITION**

On July 2, 2026, Petitioner Eshak Mamdouh Taki Ghaly filed the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Ghaly challenges his detention without "an individualized custody determination before a neutral decision maker." (Id. at PageID 2.) Respondent responded on July 13. (ECF No. 9.) Respondent concedes that "this case is covered by the Sixth Circuit's recent decision" in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026). (Id. at PageID 32.) Ghaly replied on July 20. (ECF No. 10.) Ghaly reports that, on July 9, one day after the Court's order staying his transfer, "Respondent transferred Petitioner to Winn Correctional Center in Winnfield, Louisiana." (Id. at PageID 37.) He seeks immediate release or, in the alternative, an order directing Respondent "to return Petitioner to the West Tennessee Detention Facility forthwith and show cause why he should not be held in contempt for violating this Court's July 8, 2026 Order." (Id. at PageID 40.)

For the reasons stated below, the Petition is **GRANTED**. Respondent is **ORDERED** to immediately transport Petitioner back to the Western District of Tennessee at the government's expense and to release him immediately.

**BACKGROUND**

Ghaly, a citizen of Egypt, has resided in the United States continuously since July 2023. (ECF No. 1 at PageID 3.)  He states that he is a Coptic Orthodox Christian "who, prior to fleeing Egypt, suffered persistent religious persecution on account of his faith."  (Id. at PageID 4.)  In one instance, after he refused an employer's demand that Ghaly convert to Islam, the employer "came to Petitioner's family home with two other men, broke down the door, broke his father's leg, broke his mother's arm, and threatened to rape Petitioner's sister and kill Petitioner, forcing him to flee to the Monastery of St. Samuel before ultimately leaving Egypt."  (Id.)

Since arriving in the United States, Ghaly has maintained steady employment in the Nashville area, has attended all required ICE check-ins, and has no criminal history.  (Id. at PageID 3–4.)  On July 1, 2026, he was taken into ICE custody.  (Id. at PageID 4.)  He filed the Petition the following day.  (ECF No. 1.)  On July 8, the Court issued an order staying his transfer from the West Tennessee Detention Facility during the pendency of the Petition.  (ECF No. 7.)  Nevertheless, "[t]he very next day, Respondent transferred Petitioner to Winn Correctional Center in Winnfield, Louisiana."  (ECF No. 10 at PageID 37.)  He seeks immediate release from custody.  (Id. at PageID 40.)

**ANALYSIS**

Respondent concedes that Lopez-Campos governs this matter.  (ECF No. 9 at PageID 32.)  That decision held "that 8 U.S.C. § 1225(b)(2)(A)'s mandatory detention scheme does not apply to 'applicants for admission' who are not 'seeking admission.'"  Lopez-Campos, 175 F.4th at 732.  Nevertheless, Respondent maintains that "the Court should require Petitioner to exhaust administrative remedies" before granting relief.  (ECF No. 9 at PageID 33.)  Specifically, according to Respondent, "Petitioner should be required to first request a bond hearing in

immigration court before seeking habeas relief in federal court."  (Id. at PageID 32.)

However, as the Court has ruled in recent immigration habeas petitions, e.g., Lopez Soza v. U.S. Dep't of Homeland Sec., No. 26-CV-02224, 2026 WL 1104329, at *3 (W.D. Tenn. Apr. 23, 2026), Petitioner's failure to exhaust administrative remedies is **EXCUSED**.  The legal questions presented by the Petition are fit for prompt resolution, and exhaustion would be futile because Petitioner cannot seek meaningful and timely administrative relief.  McCarthy v. Madigan, 503 U.S. 140, 144 (1992) (explaining that where a statute is silent as to exhaustion, requiring exhaustion is within a court's discretion); Matter of Yajure Hurtado, 29 I. & N. Dec. 216, 225 (BIA 2025) (holding that an immigration judge "lack[s] authority to hear bond requests or to grant bond to aliens who are present in the United States without admission").

Petitioner "rightfully state[s] that [he has] a liberty interest to be free from detention." Lopez-Campos, 175 F.4th at 734.  ICE's decision to detain him without a bond hearing violated that liberty interest, which cannot be casually tossed aside.  Thus, Petitioner is entitled to immediate release.  See Villafranca Lara v. Ladwig, No. 26-CV-02079, 2026 WL 401204, at *10 (W.D. Tenn. Feb. 12, 2026) ("Because ICE purported to detain [Petitioner] under § 1225(b)(2)(A), which includes no provision for a bond hearing, the Court will not now order a bond hearing under § 1226(a).").

Finally, the Court retains jurisdiction over the Petition, despite Petitioner's transfer out of the Western District of Tennessee.  "Generally, if a district court has proper jurisdiction when a habeas petition is filed, a subsequent transfer of the prisoner will not defeat habeas jurisdiction." Weiss v. Healy, No. 23-CV-2074, 2024 WL 1858529, at *4 (N.D. Ohio Mar. 15, 2024), report and recommendation adopted, No. 23-CV-2074, 2024 WL 1856545 (N.D. Ohio Apr. 29, 2024) (citing White v. Lamanna, 42 F. App'x 670, 671 (6th Cir. 2002)).  And when federal respondents

transfer from this District petitioners with a pending habeas petition, they are required to return them at the government's expense.  See, e.g. Tadeo v. Bullock, No. 26-CV-02652, 2026 WL 1763860 (W.D. Tenn. June 18, 2026) (ordering return of transferred petitioner).

Therefore, consistent with Lopez-Campos and this Court's decision in Villafranca Lara, and after consideration of the record, the Petition is **GRANTED**.

### CONCLUSION

For the reasons stated above, the Petition is **GRANTED**.  Respondent is **ORDERED**, at the government's expense, to immediately transfer Petitioner back to the Western District of Tennessee.  Immediately following Petitioner's return to this District, Respondent is **ORDERED** to release Petitioner.  Respondent is **ENJOINED** from pursuing Petitioner's detention under 8 U.S.C. § 1225(b)(2)(A).  Respondent is further **ORDERED** to file a Status Report with this Court within **three business days**, to certify compliance with this Order.

**IT IS SO ORDERED,** this 21st day of July, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

4